IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ADVANTAGE HOMEBUILDING, LLC, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | Case No. 03-2426-KHV |
| ) | |
| ASSURANCE COMPANY OF AMERICA, ) | |
| and MARYLAND CASUALTY COMPANY, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Advantage Homebuilding, LLC's Motion For Judgment On The Pleadings Against Maryland Casualty Company (Doc. #59), Defendant Maryland Casualty Company's Motion For Judgment On The Pleadings Or, In The Alternative, Motion For Summary Judgment (Doc. #61) and Defendant Assurance Company Of America's Motion For Judgment On The Pleadings Or, In The Alternative, Motion For Summary Judgment (Doc. #64), all filed February 4, 2005. Defendant Maryland Casualty requests oral argument on its motion, which the Court denies.

### Standards For Judgment On The Pleadings

Generally, a motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., is governed by the same standards as a motion to dismiss under Rule 12(b)(6). See Atl. Richfield Co. v. Farm Credit Bank, 226 F.3d 1138, 1160 (10th Cir. 2000); Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir. 1992). The pretrial order supercedes the complaint, and the Court therefore applies those standards to allegations in the pretrial order. See D. Kan. Rule 16.2(c); Miller v. Pfizer Inc. (Roerig Div.), 196 F.

1

Supp.2d 1095, 1123 n.92 (D. Kan. 2002) (pretrial order supercedes all pleadings and controls subsequent course of case). During a telephone conference on April 8, 2005, however, the parties agreed that the stipulated facts in the pretrial order constitute all of the evidence in the case. The parties agreed that a formal trial was not necessary and that the Court should decide the case as if the stipulated facts had been submitted at a bench trial.

## Stipulated Facts

**I.    Underlying Lawsuit (<u>Benjamin v. Advantage Homebuilding, L.L.C., et al.</u>, Case No. 02CV07728, District Court of Johnson County, Kansas.)**

Advantage Homebuilding, Inc. ("Advantage") contracted with various individuals to construct homes in Johnson County, Kansas. On November 14, 2002, various homeowners jointly filed suit against Advantage in the District Court of Johnson County, Kansas, to recover for damage to the windows in their homes. In that suit, plaintiffs alleged negligence, breach of contract/warranty and violations of the Kansas Consumer Protection Act, K.S.A. § 50-623. See Petition in Benjamin v. Advantage Homebuilding, L.L.C., et al., Case No. 02CV7728. Plaintiffs alleged that Advantage had failed to install the windows in a workmanlike manner without material defects or damage, and that when they took possession of their homes, a number of windows were scratched.[1]

---

[1]    In the petition, plaintiffs specifically alleged as follows:

17. Defendant Advantage Homebuilding, as the builder of plaintiffs' homes, owed a duty to plaintiffs to exercise a professional degree of judgment and skill in rendering its services.
18. Further, as the builder of plaintiffs' homes, defendant Advantage Homebuilding owed a duty to plaintiffs to install all window units in the home in a professional, workman like manner and without any material defects or damage to any of the windows.
19. Defendant Advantage Homebuilding breached the aforementioned duties by providing

On June 30, 2004, the Johnson County court found that the windows had sustained damage during construction when McGarrah Masonry, a subcontractor of Advantage, dropped mortar and bricks on them. Exh. 406 to Suggestions In Support Of Defendant Maryland Casualty Company's Motion For Judgment On The Pleadings Or, In The Alternative, Motion For Summary Judgment (Doc. #62) at 2. It awarded plaintiffs $32,411.10 in damages from Advantage for negligence and breach of contract/warranty.[2] The court also entered judgment against McGarrah Masonry, a third-party defendant, and ordered it to indemnify Advantage for all damages awarded to plaintiffs. McGarrah satisfied the judgment in favor of plaintiffs and against Advantage, and the judgment in favor of Advantage and against it, by directly paying plaintiffs the damages to which they were entitled. See id. at 7.

## II.   Maryland Casualty's Commercial General Liability Policy

Effective August 28, 2002 to August 28, 2003, Maryland Casualty Company ("Maryland Casualty") issued a Commercial General Liability ("CGL") policy to Advantage (policy number SCP 31920037). The policy provided that Maryland Casualty would indemnify Advantage for those sums which Advantage became legally obligated to pay as damages because of property damage to which the insurance applied. Exh. 405-2 to Suggestions In Support Of Defendant Maryland Casualty Company's Motion (Doc. #62) at 20. It also provided that Maryland Casualty would defend Advantage, as follows:

> We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking

---

homes to plaintiffs with significant damage to the window units.
20.   As a direct and proximate result of the negligence of defendant Advantage Homebuilding, plaintiffs have suffered actual damages in the form of expected repair costs, diminished value of their property, all in excess of $50,000.00.

[2]   The court dismissed plaintiffs' claim under the Kansas Consumer Protection Act.

>damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

Id. The policy defined property damage as "[p]hysical injury to tangible property," id. at 35, and excluded liability for damage to real property on which Advantage or its contractors or subcontractors were performing operations, if the property damage arose out of those operations (section j(5)). The policy also excluded coverage for any property that had to be restored, repaired or replaced because Advantage had incorrectly performed work on it, unless the damage fell within the so-called "products-completed operations" exception to the exclusion (section j(6)).

### III.     Declaratory Judgment Action

Advantage asked Maryland Casualty to defend and indemnify it in the underlying lawsuit. Maryland Casualty refused. On August 7, 2003, Advantage filed this declaratory judgment action.[3]

Advantage seeks a declaratory judgment that (1) Maryland Casualty had a duty to indemnify it for damages assessed in the underlying action; (2) Maryland Casualty was obligated to pay its cost of defending the underlying suit; and (3) Advantage is entitled to attorneys' fees under K.S.A. § 40-256 for the cost of prosecuting this action. Pretrial Order (Doc. #65) filed February 8, 2005 at 8. Because McGarrah Masonry satisfied the judgment against Advantage in the underlying suit, Advantage concedes that the issue of indemnification is now moot.[4] The parties agree that the remaining issues are legal issues

---

[3]     On March 25, 2005, plaintiff dismissed its claims with prejudice against Assurance Company of America.

[4]     See Plaintiff Advantage Homebuilidng, [sic] LLC's Reply In Opposition To Maryland Casualty Company's Motion For Judgment On The Pleadings Or, In The Alternative Motion For Summary Judgment (Doc. #67) at 10 n.3; Plaintiff Advantage Homebuilidng, [sic] LLC's Suggestions In Support Of
(continued...)

which may be resolved by the Court on the stipulated facts.

## Analysis

**I.    Duty To Defend**

An insurer's duty to defend is broader than its duty to indemnify. American Motorists Ins. Co. v. Gen. Host Corp., 946 F.2d 1489, 1490 (10th Cir. 1991) (insurer may incur duty to defend even though it has no obligation to indemnify liability found against insured). Under Kansas law, an insurer has a duty to defend if there is any potential for liability under a policy of insurance. City of Salina, Kan. v. Md. Cas. Co., 856 F. Supp. 1467, 1480 (D. Kan. 1994); Spruill Motors, Inc. v. Universal Underwriters Ins. Co., 212 Kan. 681, 686, 512 P.2d 403, 407 (1973). The insurer must undertake a good-faith analysis of all information known to it or reasonably ascertainable by inquiry and investigation in order to determine the possibility of coverage. See American Motorists, 946 F.2d at 1490 (so long as insured can show nonfrivolous possibility that claim may fall within coverage of insurance contract, insurer has duty to defend); Johnson v. Studyvin, 839 F. Supp. 1490, 1495 (D. Kan. 1993) (under Kansas law insurer has duty to defend whenever there is possibility of coverage, even if remote); Spivey v. Safeco Ins. Co., 254 Kan. 237, 246, 865 P.2d 182, 188 (1993) (under Kansas code of civil procedure, insurer must look beyond effect of pleadings and consider any facts brought to its attention, or which it could reasonably discover, in determining whether it has duty to defend); accord United Wats, Inc. v. Cincinnati Ins. Co., 971 F. Supp. 1375, 1384 (D. Kan. 1997).

---

[4](...continued)
Its Motion For Judgment On The Pleadings Against Maryland Casualty Company (Doc. #60) filed February 4, 2005, at 2 n.1.

In Spruill Motors, Inc. v. Universal Underwriters Ins. Co., 212 Kan. 681, 686, 512 P.2d 403, 407 (1973), the court held that the insurer must look beyond the effect of the pleadings and consider any facts brought to its attention or which it could reasonably discover in determining whether it has a duty to defend; if such facts give rise to a "potential of liability" under its policy, the insurer bears a duty to defend. See Bankwest v. Fidelity & Deposit Co. of Md., 63 F.3d 974, 978 (10th Cir. 1995) (under Kansas law, insurer's duty to defend determined by allegations of underlying complaint and facts discoverable to insurer). Where a petition alleges an act which the policy clearly does not cover, there is no potential of liability. See Freightquote.com, Inc. v. Hartford Cas. Ins. Co., 316 F. Supp.2d 937, 941 (D. Kan. 2003) (quoting Spivey, 254 Kan. at 245-46, 865 P.2d 182), aff'd, 397 F.3d 888 (10th Cir. 2005). An insurer has no duty to defend an action brought "wholly outside any coverage obligations assumed in the policy or when the insurer would have no liability if plaintiff secured a judgment against the insured." Spruill Motors, 212 Kan. at 685 512 P.2d at 406.

Here, the petition in the underlying suit alleged negligence, breach of warranty, breach of contract and a deceptive and unconscionable act in violation of the Kansas Consumer Protection Act, K.S.A. § 50-623. Maryland Casualty argues that its policy did not apply to claims for breach of warranty, breach of contract or statutory violations, and Advantage does not dispute this argument. Therefore the issue is whether the negligence claim in the underlying suit triggered a duty to defend.

Maryland Casualty argues that it had no duty to defend because policy exclusions j(5) and j(6) excluded liability for the property damage alleged in the underlying lawsuit.[5] Exclusion j(5) precluded

---

[5] In the pretrial order, Maryland Casualty also asserted that exclusions k and l precluded
(continued...)

6

coverage for damage to real property on which Advantage or its contractors or subcontractors were performing operations, if the property damage arose out of those operations. Exh. 405-2 to Suggestions In Support Of Defendant Maryland Casualty Company's Motion (Doc. #62) at 20. Advantage argues that this exception did not apply because the *claims* for the damaged windows arose after it had completed the homes, and not while it was working on the homes. This distinction, however, is immaterial. Under exclusion j(5), the question is whether McGarrah Masonry was performing its work when the damage occurred. Advantage relies on American States Ins. Co. v. Powers, 262 F. Supp.2d 1245 (D. Kan. 2003), and Pinkerton & Laws, Inc. v. Royal Ins. Co. of Am., 227 F. Supp.2d 1348 (N.D. Ga. 2002), both of which are factually distinguishable. In American States, the damage did not occur while defendant was working on the project, and exclusion j(5) therefore had no application. In Pinkerton, which involved windows that rotted due to improper installation, the property damage occurred over time and not simultaneously with the negligent act. See 227 F. Supp.2d at 1354. Again, exclusion j(5) did not apply.

In contrast, in this case, the property damage occurred concurrently with the negligent acts of the Advantage subcontractor – the windows were scratched when the subcontractor dropped mortar on them. The parties do not dispute that the work was in progress when the subcontractor damaged the windows. Because of exclusion j(5), Maryland Casualty had no duty to indemnify Advantage for the damages assessed against it in the underlying suit.

Exclusion j(6) also precluded coverage in this case. Exclusion j(6) excluded coverage for that part

---

[5](...continued)
coverage. Because Maryland Casualty did not brief exclusions k and l, the Court presumes that it has abandoned these defenses.

of any property which had to be restored, repaired or replaced because Advantage's work was incorrectly performed on it. Exh. 405-2 to <u>Suggestions In Support Of Defendant Maryland Casualty Company's Motion</u> (Doc. #62) at 22. Courts have referred to such an exclusion as a faulty workmanship provision. <u>See, e.g.</u>, <u>Century Indem. Co. v. Golden Hills Builders, Inc.</u>, 561 S.E.2d 355 (S.C. 2002) (provision does not cover insured's faulty work). Maryland Casualty correctly argues that this exclusion precluded coverage because the negligent work of Advantage's subcontractor resulted in the need to repair/replace the windows.

Advantage relies on the "products-completed operations hazard" exception to exclusion j(6). The policy defined "products-completed operations" as follows:

> all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
> (1) Products that are still in your physical possession; or
> (2) Work that has not yet been completed or abandoned.

Exh. 405-2 to <u>Suggestions In Support Of Defendant Maryland Casualty Company's Motion</u> (Doc. #62) at 34. This policy language could not be more inartfully drafted, but it seems to say that the "products-completed operations hazard" does not reach work which is in progress at the time of the property damage.

The order of the Johnson County District Court makes clear that in this case, the damage occurred before Advantage completed its work. <u>See</u> Exh. 406 to <u>Suggestions In Support Of Defendant Maryland Casualty Company's Motion For Judgment On The Pleadings Or, In The Alternative, Motion For Summary Judgment</u> (Doc. #62) at 2. The "products-completed operations hazard" did not cover property damage which arose out of the work in progress of Advantage or its subcontractor. Therefore, exclusion j(6) precluded coverage and Maryland Casualty had no duty to indemnify Advantage under the

policy.

The inquiry does not end here, however, because the duty to indemnify is not dispositive of the duty to defend. The Court must inquire what Maryland Casualty knew about the underlying case when it refused to defend. The record on this issue includes only the insurance policy and the petition in the underlying lawsuit, which alleged that "a number of windows that were installed in new homes built by plaintiff were scratched because of the negligence of a particular subcontractor." Pretrial Order (Doc. #65) at 4. The petition suggests that Advantage damaged the windows while it was working on the project.

Advantage is correct in arguing that Maryland Casualty had a duty to defend if there was a possibility of coverage. Advantage, however, has not met its burden to show a possibility of coverage. The Court has no evidence as to when or how Advantage tendered the defense, what information it supplied to Maryland Casualty, or when, how or why Maryland Casualty refused to defend. Advantage does not allege or prove that Maryland Casualty failed to undertake a good-faith analysis of all information known to it or reasonably ascertainable by inquiry and investigation. Furthermore, Advantage does not allege or prove that further investigation would have revealed the potential for liability under the policy. Indeed, the opposite would appear to be true. Based on the scant record before the Court, it appears that a factual investigation would have caused Maryland Casualty to conclude what the Johnson County court concluded: that the windows were damaged by a subcontractor who was performing work on the homes at the time of the damage. From the record, the Court cannot conclude that Advantage was entitled to a defense and therefore cannot issue a declaratory judgment in favor of Advantage.

**II.    Attorneys' Fees**

Because Advantage has not established that Maryland Casualty had a duty to defend, it is not

9

entitled to attorneys' fees incurred in prosecuting this action under K.S.A. § 40-256.

### III. Defendant Assurance Company Of America

On March 25, 2005, plaintiff filed a stipulation which dismissed with prejudice its claims against Assurance. Assurance's motion therefore is moot, and the Court need not address its merits.

**IT IS THEREFORE ORDERED** that <u>Defendant Assurance Company Of America's Motion For Judgment On The Pleadings Or, In The Alternative, Motion For Summary Judgment</u> (Doc. #64) filed February 4, 2005 be and hereby is **OVERRULED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff is not entitled to declaratory judgment on its claims and that <u>Defendant Maryland Casualty Company's Motion For Judgment On The Pleadings Or, In The Alternative, Motion For Summary Judgment</u> (Doc. #61) and <u>Plaintiff Advantage Homebuilding, LLC's Motion For Judgment On The Pleadings Against Maryland Casualty Company</u> (Doc. #59), both filed February 4, 2005 be and hereby are **OVERRULED AS MOOT**.

**IT IS FURTHER ORDERED** that pursuant to Rule 52(a), Fed. R. Civ. P., the Court finds in favor of Maryland Casualty Company on Advantage Homebuilding's claim for declaratory judgment. The Clerk is directed to enter judgment for Maryland Casualty Company.

Dated this 13th day of April, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
Kathryn H. Vratil<br>
United States District Judge